*147 Opinion of the Court,
by Judge Owsley.
ON the 22d day of March, 1819, David Prewit, gether with Thomas Turner and William B. Woodruff, his sureties, executed to Abner G. Daniel, jailer of Madison county, a bond in the penalty of twelve hundred and fifty-five dollars and seventy cents. • The condition of the bond recites that the defendant, Prewit, was charged in execution at the suit of the plaintiffs, and provides that if Prewit shall not depart from the prison bounds until discharged by due course of law, that the bond shall be void.
The bond was afterwards, on the 16th day of April, 1819, assigned by the jailer to the plaintiffs; and this action was brought by them upon the bond Prewit, Turner and Woodruff. The suit was, by sheriff’s return, abated as to Prewit, and the ants, Turner and Woodruff, filed a special plea in bar the ortinn ■ tne action. _
_ To this plea the plaintiffs filed a demurrer, and the defendants, Turner and Woodruff, having joined demurrer, judgment was rendered by the court ing the plea and in bar of the action.
The questions made by the assignment of errors, volve the correctness of the decisions of the court upon the demurrer tn™, muner* .
lhe plea which was sustained by the court, after craving oyer of the bond and condition, in substance states, “that the same was procured by Daniel, the jailer, by duress of imprisonment of the defendant, Prewit, *148 in the following manner, and in no other way whatever: The said Daniel was jailer, and the said Jones, &c. had recovered a judgment in the Madison circuit court, for the sum in the condition of said bond stated, against sa^ Peewit, and that, before judgment in said cause, Peewit had given special bail in the action wherein said judgment was rendered, and that after the rendition of said judgment, and before the giving of said bond by the defendants, the special bail of said Prewit in said cause, had surrendered him, the said Prewit, to said Daniel, who was then jailer of Madison county, in discharge of his said undertaking as special bail, and that the said Prewit, at the time of giving said bond, was in the custody of the said jailer, and confined by him for want of bail after judgment in said cause, and in no other way or manner; that said Prewit, on the day that said bond was given, tendered the other defendants, Turner and Woodruff, as his, the said Prewit’s, sureties for the privilege of the prison bounds in said cause, and that said Daniel, as jailer, presented said bond in the declaration set forth., therein falsely reciting that the said Prewit was charged in execution in said cause, when in fact he was not so charged in execution, and required the said Prewit to execute the same with said Woodruff and Turner, his sureties, before the said jailer would suffer the said Prewit to have the benefit of the prison bounds of the jail of Madison county, and refused to let said Prewit have said privilege, until he and his said sureties would execute said bond, and did actually confine him until said bond was executed; whereupon the said Prewit and his said sureties, to procure him the said privilege, did execute and deliver the said bond to the said Daniel, &c.
Were the sufficiency of this plea tested exclusively by the principles of the common law, we should have no hesitation in deciding that it contains no sufficient bar to the action against Turner and Woodruff. Were the facts set out in the plea, admitted to be sufficient to show that Prewit was under duress of imprisonment when the bond was executed by him and his sureties, Turner and Woodruff, it would be readily conceded, that according to the principles of the common law, the plea would contain a valid bar to any action upon the bond against Prewit; .but the plea contains no suggestion, that either Turner or Woodruff was under any *149 Idnd of duress when the boifd was executed by them, and, at common law, the doctrine is well settled, that a bond executed by sureties, whilst under no duress, is valid and binding as to them, though it may not be valid as to the principal, in consequence of his being under duress at the time it was executed by him. Cr. Ja. 137; Esp. N. P. Amer. Ed. page 4, part 2.
It is not, however, by the principles of the common law alone, that the sufficiency of the plea is'to be tested. > The bond was executed by Prewit, together with his sureties, Turner and Woodruff, whilst he was in custody of Daniel, the jailer, to whom it was given; and we have, in this country, a statute, which not. only prescribes the duty of sheriffs in taking bonds of persons in their custody, but. which also expressly declares void, all such obligations, when taken by colour of their office, in any other manner or form than is directed by the statute, except in any special case, any other obligation is or, shall be by law directed. 2 Dig. L. K. 1136, sec. 10. The statute, it is true, mentions no other description of officers but sheriffs ; but when it was enacted, the functions of jailer composed part of the duties of sheriffs, and though, by subsequent enactment, the office of jailer is made a distinct office from that of sheriff, the statute has heretofore been decided, and we apprehend correctly, to embrace obligations takeu by jailers.
Whilst we concede, therefore, that at common law the plea contains no sufficient defence to the action, as to Turner and Woodruff, we apprehend it cannot be so adjudged, under the statute to which reference has been made; for if it be true, as the plea alleges, that before the execution of the bond, Prewit tendered Turner and Woodruff, as his sureties, to the jailer, and demanded of him the privilege of the prison rules, at the same time offering to execute a bond in conformity to law, and if it be also true, that, instead of accepting such' a bond, the jailer refused to permit Prewit to have the privilege of the prison rules, until he, together with Turner and Woodruff, would execute a bond such as in the declaration mentioned, containing a recital that said Prewit was charged in execution, &c. when in truth and in fact he was not so charged, the jailer must be admitted to have transcended his duty in taking the bond, and, of course, the bond, both as to principal and sure *150 ties, must be adjudged inoperative and void. The P^ea was’ therefore, correctly decided to be a valid bar to the action.
The judgment must be affirmed with costs.